PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* HERMENEGILDO SANTIAGO, Defendant and Appellant.

No. 3934. Argued December 11, 1929.—Decided May 31, 1930.

*R. López Antongiorgi* for appellant. *R. A. Gómez* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

Hermenegildo Santiago was charged with the offense of adulterating milk, in that he wilfully and through other persons offered for sale as in good condition for human consumption cow's milk adulterated with water in Guayama

on December 12, 1928. He was found guilty and sentenced to pay a fine of $25 and, in default of its payment, to be confined in jail one day for each dollar remaining unpaid, and also to pay the costs.

Thereupon he took an appeal from that judgment and has assigned two errors, the first of which is that the judgment is not supported by the evidence.

It appears from the record that the license of the milk-stand on the aforesaid date was in the name of the appellant, who had applied for it and furnished the bond required by the statute; but the appellant contends that that is not sufficient to convict him, because it was also shown that on the said date the appellant had no longer anything to do with that milk-stand and the milk was sold by others; also that the milk-stand was owned by somebody else.

It is true that there was testimony to that effect, but in the eyes of the law the prima facie owner of a milk-stand is the person who has taken out the license and has furnished the bond required for that purpose by Act No. 77 of 1925. This question has already been decided by us in *People* v. *Borges,* 37 P.R.R. 140, 142, where we said: "The defendant was its only owner according to the license and the bond. If there were other owners it is of no consequence. Precisely in order to be able to make somebody liable the law requires that the license be issued in the name of some person who must give a bond. The defendant voluntarily accepted the position carrying the greatest responsibility and can not now escape the consequences of his acts." If, as claimed by the appellant, he was no longer connected with the milk-stand when the adulterated milk was seized, he ought to have had his name withdrawn as record owner from the lists of the Health Department in order to avoid liability. Therefore, the judgment is supported by the evidence.

The other ground of appeal urged is that he was sentenced to imprisonment in jail in the event of default in the

payment of the fine. He argues that the cited act provides that the bond required thereunder shall be applied, as far as it will go, or such part thereof as may be necessary, to the payment of any fine imposed on a person convicted under the act. The *Fiscal* of this court agrees with this contention of the appellant and requests us to modify the judgment appealed from.

In *People* v. *Carrión,* 36 P.R.R. 683, we modified the judgment so as to make it conform to Act No. 77 of 1925, and the defendant was fined $100. The purpose of that act seems to be that the fine be paid in cash, and hence the provision that the bond given thereunder be applied to the payment of the fine, as far as necessary.

The judgment appealed from must be modified so as to sentence the defendant to pay a fine of $25 and the costs, and as modified affirmed.